

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 10 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 903

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE TEXAS MUNICIPALITIES/SOUTHWESTERN BELL TELEPHONE CO. FEE ORDINANCE LITIGATION

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of four actions pending in two districts as follows: two actions each in the Northern and Southern Districts of Texas.[1] Before the Panel are motions, pursuant to 28 U.S.C. §1407, by the three Texas cities of Harlingen, Brownsville and Mesquite to centralize this litigation in the Southern District of Texas for coordinated or consolidated pretrial proceedings. Southwestern Bell Telephone Co. and affiliated parties (collectively, Bell) oppose the motion. In the event the Panel determines to order centralization in this docket, then Bell would favor selection of the Northern District of Texas as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All responding parties are in agreement that the actions, although not arising from a common contractual source, present common factual and legal issues concerning the enforceability of municipal franchise ordinances containing essentially identical terms. Centralization under Section 1407 is thus desirable in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In selecting the Northern District of Texas as the transferee forum, we note that: 1) the first filed action in this docket has been pending there for almost three years, and the judge assigned the action has become familiar with the issues in this docket; 2) in deference to the Northern District of Texas actions, the actions in the Southern District of Texas have been

---

[1] One of the Northern District of Texas actions was ordered transferred under 28 U.S.C. §1404 from that district to the Southern District of Texas on September 30, 1991. Transfer of the action has been deferred, however, pending resolution of a motion for reconsideration filed with the court in the Northern District of Texas.

- 2 -

stayed by the court there; 3) of Dallas and Laredo, the two cities in which the constituent actions are pending, Dallas is much more accessible to the parties and their counsel and, since Bell maintains significant Texas operations there, is more likely to be the situs of relevant witnesses and documents.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Southern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Robert B. Maloney for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

*FOR THE PANEL:*

_____
John F. Nangle
Chairman

## *SCHEDULE A*

## *MDL-903 -- IN RE TEXAS MUNICIPALITIES/SOUTHWESTERN BELL TELEPHONE CO. FEE ORDINANCE LITIGATION*

### Northern District of Texas

The City of Mesquite, etc. v. Southwestern Bell Telephone Co., et al., C.A. No. CA3-89-0115-T
Southwestern Bell Telephone Co., et al. v. City of Harlingen, et al., C.A. No. CA3-90-2404-D

### Southern District of Texas

The City of Brownsville, et al. v. Southwestern Bell Telephone Co., et al., C.A. No. B-90-200
The City of Brownsville, et al. v. Southwestern Bell Telephone Co., et al., C.A. No. B-91-61